UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ERIC LAMONT WILLOUGHBY, #2009040743 Plaintiff, vs. PEGGY LEEN, Defendant. | ) ) ) ) ) ) ) ) ) ) | 2:10-cv-01089-KJD-LRL **ORDER** |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

*v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is a pretrial detainee at North Las Vegas Detention Center ("NLVDC"), has sued U.S. Magistrate Judge Peggy Leen. He alleges that Judge Leen violated his Eighth Amendment rights by denying him bail.

Plaintiff has failed to name a defendant who is amendable to suit. "Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." *Demoran v. Will*, 781 F.2d 155, 156 (9th Cir. 1986). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*); *see also Miller v. Davis*, 1142, 1145 (9th Cir. 2008); *Partington v. Gedan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992); *Houghton v. Osborne*, 834 F.2d 745, 750 (9th Cir. 1987). Judges retain their immunity when they are accused of acting maliciously or corruptly, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989), and when they are accused of acting in error, *see Meek*, 183 F.3d at 965; *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (*per curiam*); *Ashelman*, 793 F.2d at 1075. Magistrate judges are entitled to absolute judicial immunity from § 1983 damage actions. *See Tanner*, 879 F.2d at 576-78; *Ryan v. Bilby*, 764 F/2d 1325, 1328 n.4 (9th Cir. 1985); *see also Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454-55 (9th Cir. 1993) (extending judicial immunity to special masters). Accordingly, defendant has absolute immunity and all claims against her are dismissed with prejudice. Defendant Leen is dismissed from this action.

Plaintiff also mentions, without elaboration, "ineffective assistance of first two counsel." However, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Further, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. If plaintiff intends to set forth a claim for ineffective assistance of counsel, such claim clearly implicates the legality or duration of his custody. His sole federal remedy for such claim is a writ of *habeas corpus*.

Finally, plaintiff notes, again without elaboration, that during his fourteen months in pretrial detention, he has been allowed only thirty minutes out-of-cell time and two thirty-minute fresh air recreation periods each week. These allegations may implicate the Eighth Amendment prohibition of cruel and unusual punishments, though such claims by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998). "Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoner's rights under the Eighth Amendment, however," the same standard applies. *Id*.

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)), *amended by* 135 F.3d 1318 (9th Cir. 1998); *see also Hearns v. Terhune*, 413

1  F.3d 1036, 1042 (9th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000) (*en banc*); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995); *Allen v. City of Honolulu*, 39 F.3d 936, 938-939 (9th Cir. 1994); *LeMaire v. Maass*, 12 F.3d 1444, 1457-58 (9th Cir. 1993); *Toussaint v. Yockey*, 722 F.2d 1490-1492-93 (9th Cir. 1984). "[A] temporary denial of outdoor exercise with no medical effects[, however,] is not a substantial deprivation." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *see also Frost*, 152 F.3d at 1124. Prison officials may restrict outdoor exercise on the basis of weather, unusual circumstances, or disciplinary needs. *See Spain*, 600 F.2d at 199. "The cost or inconvenience of providing adequate [exercise] facilities [, however,] is not a defense to the imposition of cruel punishment." *Id*. at 200.

Plaintiff has failed to name any defendant who may have deprived him of outdoor exercise. Accordingly, plaintiff's complaint must be dismissed. However, because plaintiff's allegations may implicate his Eighth Amendment rights, he has leave to file an amended complaint. If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8. Plaintiff must identify at least one of the defendants by name.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the North Las Vegas Detention Center ("NLVDC") shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's (Eric Lamont Willoughby, Detainee No. 2009040743) account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the NLVDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiffs account. **The Clerk shall send a copy of this order to the NLVDC Accounting Supervisor, 2332 Las Vegas Boulevard North, Suite 200, North Las Vegas, NV 89030.**

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that all claims against defendant Peggy Leen are

1  **DISMISSED** with prejudice.  Peggy Leen is **DISMISSED** from this action.

2  **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH
3  LEAVE TO AMEND**.

4  **IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that
5  this Order is entered to file his amended complaint, if he believes he can correct the noted deficiencies.
6  The amended complaint must be a complete document in and of itself, and will supersede the original
7  complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not
8  carried forward in the amended complaint will no longer be before the court.

9  **IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint
10  as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint
11  Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:10-
12  CV-01089-KJD-LRL**, above the words "FIRST AMENDED"in the space for "Case No."

13  **IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not
14  timely file an amended complaint in compliance with this order, this case may be immediately
15  dismissed.

16  **IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983
17  civil rights complaint form with instructions along with one copy of the original complaint.

18  **IT IS FURTHER ORDERED** that "letter requesting status request" filed by plaintiff
19  (docket #2) is **STRICKEN**.

20       DATED: September 20, 2010

21

22                                          _____
                                             UNITED STATES DISTRICT JUDGE
23

24

25

26